# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the Bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>                Plaintiff,<br><br>                v.<br><br>KUEHNE & NAGEL SERVICES LTD.,<br><br>                Defendant. | Adv. Proc. No. 25-50265 (KBO) |

### ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAMS PURSUANT TO 11 U.S.C. § 502

Defendant Kuehne & Nagel Services LTD ("K+N"), by and through its undersigned counsel, as and for its Answer to the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and To Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") filed by George Miller, as Chapter 7 Trustee (the "Trustee") of the Bankruptcy estates of Akorn Holding Company LLC, et al. (the "Debtors"), respectfully states as follows:

1. K+N admits that paragraphs 1 and 2 of the Complaint summarize the claims asserted by the Trustee and the statutes upon which the Trustee purports to rely, but K+N denies

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6125) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

1

that it is liable to the Trustee or the Debtors' estates and denies that the Trustee or the Debtors' estates are entitled to any recovery.  K+N further denies that the Debtors made the "Transfers" described in Exhibit A attached to the Complaint (the "<u>Exhibit</u>"), but admits that one of the Debtors, as opposed to all of the Debtors, may have many one or more of the Transfers.

        2.        K+N denies having sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 3, 4, 5, 6, 7 and 8 of the Complaint and for that reason, denies same.  K+N respectfully refers to the record of the proceedings in the Debtors' bankruptcy cases and this Adversary Proceeding and denies to the extent inconsistent therewith.  In addition, certain of the allegations of these paragraphs contain legal conclusions for which no response is required.  To the extent a response is deemed required, it is denied.

        3.        With respect to the allegations contained in paragraph 9 of the Complaint, respectfully refers to the record of the proceedings in the Debtors' bankruptcy cases and denies to the extent inconsistent therewith.  Denies having sufficient information to form a belief as to the truth or falsity of the Trustee's address and for that reason, denies same.

        4.        With respect to the allegations contained in paragraph 10 of the Complaint, respectfully refers to the record of the proceedings in the Debtors' bankruptcy cases and denies to the extent inconsistent therewith.  In addition, certain of the allegations of these paragraphs contain legal conclusions for which no response is required.  To the extent a response is deemed required, it is denied.

        5.        Admits the allegations contained in paragraph 11 of the Complaint.

        6.        K+N denies having sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 12, 13 and 14 of the Complaint and for that reason, denies same.  K+N respectfully refers to the record of the proceedings in the Debtors' bankruptcy

cases and this Adversary Proceeding and denies to the extent inconsistent therewith.

7.      Admits the allegations contained in paragraph 15 of the Complaint.

8.      Admits the allegations contained in paragraph 16 of the Complaint to the extent they identify transfers made by Debtors to K+N.  However, denies having sufficient information to form a belief as to the trust of falsity of the allegations concerning the reasons why the Trustee is seeking to avoid the Transfers and for that reason, denies same.  K+N also denies that it is liable to the Trustee or the Debtors' estates and denies that the Trustee or the Debtors' estates are entitled to any recovery.

9.      Admits the allegations contained in paragraphs 17 and 18 of the Complaint.

10.     K+N denies having sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 19 and 20 of the Complaint and for that reason, denies same.  K+N respectfully refers to the record of the proceedings in the Debtors' bankruptcy cases and this Adversary Proceeding and denies to the extent inconsistent therewith.  In addition, certain of the allegations of these paragraphs contain legal conclusions for which no response is required.  To the extent a response is deemed required, it is denied.

11.     The allegations of paragraph 21 of the Complaint are not actually allegations against K+N and as such, no response is required.  To the extent a response is deemed required, the allegations are denied.  K+N also denies that the Trustee may freely amend the Complaint in the manner alleged and avers that any amendment complies with all applicable rules concerning same.

12.     K+N denies having sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 22, 23 and 24 of the Complaint and for that reason, denies same.  K+N respectfully refers to the record of the proceedings in the Debtors' bankruptcy

cases and this Adversary Proceeding and denies to the extent inconsistent therewith.

13. With respect to the allegations contained in paragraph 25 of the Complaint, K+N incorporates its responses to all previous paragraphs as if fully set forth herein.

14. Admits the allegations contained in paragraph 26 of the Complaint.

15. K+N denies having sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and for that reason, denies same.

16. Admits the allegations contained in paragraph 28 of the Complaint.

17. Admits the allegations contained in paragraphs 29 and 30 of the Complaint to the extent that these paragraphs allege that a Debtor owed a debt to K+N which was paid by the Transfers. To the extent this paragraph asserts a legal conclusion, no response is required. To the extent a response is deemed required, it is denied.

18. K+N denies having sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and for that reason, denies same. In addition, certain of the allegations of these paragraphs contain legal conclusions for which no response is required. To the extent a response is deemed required, it is denied.

19. Admits the allegations contained in paragraph 32 of the Complaint.

20. Denies the allegations contained in paragraph 33 of the Complaint.

21. K+N denies having sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint and for that reason, denies same. K+N denies that the Trustee has taken into account all defenses available to K+N and avers that K+N has defenses that the Trustee has not accorded to K+N.

22. Denies the allegations contained in paragraph 35 of the Complaint.

23. With respect to the allegations contained in paragraph 36 of the Complaint, K+N

incorporates its responses to all previous paragraphs as if fully set forth herein.

24. Denies the allegations contained in paragraphs 37 and 38 of the Complaint.

25. With respect to the allegations contained in paragraph 39 of the Complaint, K+N incorporates its responses to all previous paragraphs as if fully set forth herein.

26. Denies the allegations contained in paragraphs 40, 41 and 42 of the Complaint.

27. With respect to the allegations contained in paragraph 43 of the Complaint, K+N incorporates its responses to all previous paragraphs as if fully set forth herein.

28. Denies the allegations contained in paragraph 44 of the Complaint.

29. Admits the allegations contained in paragraph 45 of the Complaint in that K+N has not paid the amount of the Transfers or turned over such property to the Trustee and avers that it has not done so because K+N is not liable to the Trustee.

30. Denies the allegations contained in paragraph 46 of the Complaint and avers that during the Bankruptcy case, the Trustee and K+N entered into a stipulation (Docket No. 749) allowing K+N proof of claim (claim #74) filed in the case.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Transfers were secured by a statutory lien on the Debtors' goods under § 7-307 of the Uniform Commercial Code and, therefore, the Transfers did not enable K+N to receive more than it would receive if the Debtors' case was a Chapter 7 case and had the Transfers not been made and, therefore, the Trustee cannot satisfy his *prima facie* case under §547(b) of the Bankruptcy Code.

### THIRD AFFIRMATIVE DEFENSE

The Transfers were secured by its possessory lien rights on the Debtors' goods under § 9-313, 9-333 of the Uniform Commercial Code, or otherwise and, therefore, the Transfers did not enable K+N to receive more than it would receive if the Debtors' case was a Chapter 7 case and had the Transfers not been made and, therefore, the Trustee cannot satisfy his *prima facie* case under §547(b) of the Bankruptcy Code.

### FOURTH AFFIRMATIVE DEFENSE

K+N gave unsecured new value to the Debtors after the Transfers were made on account of which the Debtor did not make an otherwise unavoidable transfer to or for the benefit of K+N, and therefore, the Transfers are not avoidable pursuant to §547(c)(4) of the Bankruptcy Code.

### FIFTH AFFIRMATIVE DEFENSE

The Transfers were intended by K+N and the Debtor to be, and were, in fact, contemporaneous exchanges for new value given to the Debtor, and are, therefore, not avoidable pursuant to section 547(c)(1) of the Bankruptcy Code.

### SIXTH AFFIRMATIVE DEFENSE

The Transfers were made in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and K+N, and the Transfers were made (a) in the ordinary course of business or financial affairs of the Debtor and K+N, and/or (b) according to ordinary business terms, and are, therefore, not avoidable pursuant to section 547(c)(2) of the Bankruptcy Code.

## SEVENTH AFFIRMATIVE DEFENSE

The Transfers were made on a date that the Debtor was solvent and, therefore, the Trustee cannot satisfy his *prima facie* case under §547(b) of the Bankruptcy Code.

## EIGHTH AFFIRMATIVE DEFENSE

The Transfers were made for fair consideration and/or reasonably equivalent value.

## NINTH AFFIRMATIVE DEFENSE

The Trustee's claims against K+N are barred, in whole or in part, by the common law right of setoff and/or recoupment.

## TENTH AFFIRMATIVE DEFENSE

The Trustee's claim for "Disallowant of Claims - 11 U.S.C. § 502) is barred by his entry of a stipulation with K+N allowing its filed proof of claim (Docket No. 749).

**K+N RESERVES THE RIGHT TO ADD TO, AMEND AND SUPPLEMENT ITS AFFIRMATIVE DEFENSES AS DISCOVERY AND CIRCUMSTANCES WARRANT.**

WHEREFORE, K+N respectfully requests that the Court (i) deny the relief sought by the Trustee, (ii) enter judgment in favor of K+N and against the Trustee, (iii) award K+N its costs of suit herein (including attorney fees and costs), and (iv) grant such other and further relief as this Court deems just and proper.

Dated: September 10, 2025
      Wilmington, Delaware

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
dklauder@bk-legal.com

-and-

Halperin Battaglia Benzija, LLP
Walter Benzija, Esq.
Scott A. Ziluck, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: wbenzija@halperinlaw.net
Email: sziluck@halperinlaw.net

*Attorneys for Defendant Kuehne + Nagel Services Ltd.*